UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PATRICK BRUCE GORDON,

    Petitioner,    CIV. S-91-0882-LKK PAN

  v.        <u>DEATH PENALTY CASE</u>

JILL L. BROWN, Acting Warden
at San Quentin State Prison,    ORDER

    Respondent.

—oOo—

  Respondent has provided to petitioner all records requested but has withheld certain automated indices of records described by respondent as a report that "appears to be the district attorney's efforts to organize the evidence in preparation for trial" and, therefore attorney work product. Petitioner seeks the report to satisfy himself he has in fact received all the relevant documents.

  Respondent duly submitted the records to the court for in camera review.

1    Rule 26(b)(3) of the Federal Rules of Civil Procedure
2 provides:

>    [A] party may obtain discovery of documents . . .
>    otherwise discoverable . . . prepared in
>    anticipation of litigation or for trial by or for
>    another party or by or for that other party's
>    representative . . . only upon a showing that the
>    party seeking discovery has substantial need of
>    the materials in the preparation of the party's
>    case and that the party is unable without undue
>    hardship to obtain the substantial equivalent of
>    the materials by other means. In ordering
>    discovery of such materials when the required
>    showing has been made, the court shall protect
>    against disclosure of the mental impressions,
>    conclusions, opinions, or legal theories of an
>    attorney or other representative of a party
>    concerning the litigation.

12   The robbery-murder was in December 1983 and the trial was
13 in May 1985. The first question is whether the protection
14 survives that trial. The literal language of the rule admits no
15 temporal limitation upon the protection. See F.T.C. v. Grolier,
16 462 U.S. 19, 25-26 (1983). The Third Circuit extends work
17 product protection to "closely related" subsequent litigation.
18 In re Grand Jury Proceedings, 604 F.2d 798, 803-04 (3d Cir.
19 1979). The Fourth and Eighth Circuits have held the protection
20 extends to all subsequent litigation, related or not. See United
21 States v. Pfizer, Inc. (In re Murphy), 560 F.2d 326, 335 (8th
22 Cir. 1977); Duplan Corp. v. Moulinage et Retorderie de Chavanoz,
23 487 F.2d 480, 484-85, n. 15 (4th Cir. 1973). The Fifth Circuit
24 implicitly extends the protection at least as far as the Third
25 Circuit. In re Grand Jury Proceedings, 43 F.3d 966, 971 (5th
26 Cir. 1994) ("we need not choose between these two alternative

2

theories at this time because the documents sought to be discovered in this case satisfy both."). The view that the protection survives, whether or not subsequent litigation is "related," serves the core purpose of the protection. The seminal decision, Hickman v. Taylor, 329 U.S. 497 (1947), recognized that without such protection:

> [I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel. Proper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference. . . . Much of what is now put down in writing would remain unwritten. An attorney's thoughts, heretofore inviolate, would not be his own. Inefficiency, unfairness and sharp practices would inevitably develop in the giving of legal advice and in the preparation of cases for trial. The effect on the legal profession would be demoralizing. And the interests of the clients and the cause of justice would be poorly served.

329 U.S. at 510-511.

Accordingly, the court finds the protection survived conclusion of the trial.

The court also finds that an index that is the product of sifting what counsel considers to be the relevant from the irrelevant facts, represents the "the mental impressions, conclusions, opinions, [and] legal theories of an attorney" that the rule absolutely protects, without or without justification. See Sporck v. Peil, 759 F.2d 312 (3d Cir. 1985).

Even if the records submitted were deemed discoverable upon a demonstration of "substantial need of the materials in the

preparation of the party's case," the court would find such a need has not been shown as petitioner desires them only to pursue speculation and by their nature the records would not well serve that end and are likely to raise many more questions than they would possibly answer.

Accordingly, respondent and related parties are not required to provide copies of the indices to plaintiff.

So ordered.

Dated:  May 25, 2005.

                                        /s/ Peter A. Nowinski
                                        PETER A. NOWINSKI
                                        Magistrate Judge