IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK BRUCE GORDON,

    Petitioner,               No. CIV S-91-0882 LKK CMK P

**DEATH PENALTY CASE**

    vs.

ROBERT WONG, Acting Warden, et al.,[1]

    Respondents.           **ORDER**

          Patrick Gordon is a state prisoner under sentence of death for acting as the getaway driver in the robbery of a K-Mart in Stockton, California. On May 16, 2006, this case came before the court for hearing. The court heard arguments on whether petitioner is entitled to production of ninety-seven pages of notes from the files of prosecutor Terrence Van Oss. The ninety-seven pages consists of "ninety-three [pages] of handwritten notes, including five pages captioned 'Trial Notes,' four pages captioned 'Closing Argument Outline Index,' eighty-four pages captioned 'Summation,' and two typewritten pages captioned 'Argument Penalty Phase.'

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Robert Wong is substituted for his predecessor.

1

(Doc. 319.) Respondent contends that these documents are protected attorney work product. At the hearing, the court also set a briefing schedule for the parties.

Production of Documents

On April 27, 2005, this court granted petitioner's motion to compel production of documents from the files of the district attorney. (Doc. 313.) Respondent provided petitioner with all records requested except for certain automated indices of records, which respondent described as the district attorney's efforts to organize the evidence for trial and, therefore, attorney work product. Respondent duly submitted the records to the court for in camera review. On May 25, 2005, the court issued an order stating that respondent and related parties were not required to produce copies of the indices to petitioner. (Doc. 316.)

On June 3, 2005, the parties filed a stipulation stating that respondent had produced additional documents in response to the court's recent order and had agreed to produce an amended privilege log. (Doc. 318.) The parties requested that the court stay its May 25, 2005 order pending petitioner's review of the additional documents and receipt of the amended privilege log and requested that the stay provide that the May 25, 2005 order was not final and the time to seek review would not begin until further order of the court. (Doc. 318.) The court granted the parties' request for a stay. (318.)

On February 28, 2006, respondent filed a request to file the above mentioned ninety-seven pages of trial notes for in camera review by the court. (Doc. 319.) In the request, respondent noted that a portion of the trial notes had already been disclosed to petitioner. That portion is located on the first page of five pages of handwritten notes captioned "Trial Notes" and reads: "Bernard had gone to prison for robbing a clerk at an Amtrack Station. Probably he heard about the technique for these robberies [the Riverside and Stockton K-Mart robberies] while in prison b/c there were other groups around the country doing similar crimes." The court granted respondent's request to file the ninety-seven pages of notes under seal, and respondent duly submitted the notes for in camera review.

At the May 16, 2006 hearing, petitioner's counsel agreed that petitioner had not laid a foundation for production of all ninety-seven pages of the district attorney's trial notes. However, petitioner's counsel argued that petitioner had laid a foundation for production of trial notes which concerned the district attorney's "three musketeer argument," use of the Riverside robbery to show that petitioner participated in the Stockton robbery and had the specific intent to kill during Stockton robbery, and any Brady[2] material. Petitioner emphasized that petitioner's specific intent to kill is crucial in this habeas appeal.

The discovery of trial preparation materials is governed by Rule 26(b)(3), which provides:

> [A] party may obtain discovery of documents...otherwise discoverable...prepared in anticipation of litigation or for trial by or for another party...only upon a showing that the party seeking discovery has a substantial need of the materials in the preparation of that party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such material when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney....

Fed. R. Civ. P 26(b)(3).

Mere speculation that some exculpatory material has been withheld is generally not enough to establish good cause for a discovery request on collateral review. See Strickler v. Greene, 527 U.S.263, 286 (1999)(regarding discovery of notes taken by a detective during interviews). Petitioner has a copy of a "flier," which was previously produced by respondents, that states that a woman had previously driven the getaway car in K-Mart robberies. Petitioner

---

[2] See Brady v. Maryland, 373 U.S. 83, 87 (1963) Prosecutors have a duty under due process to disclose evidence favorable to an accused upon request, where such evidence is material either to guilt or punishment. See id. Both exculpatory and impeachment evidence falls within the Brady rule. See id.

argues that this flier directly contradicts the argument of the prosecutor that petitioner was present at the Stockton robbery because the three brothers were always together during the commission of the K-Mart robberies—the "three musketeers argument." The court finds that petitioner has established good cause to obtain discovery of the prosecutor's trial materials.

However, the Supreme Court has not decided whether the government's work product must be disclosed under Brady. See Goldberg v. United States, 425 U.S. 94, 98 n.3 (1976) (reserving this question). In a recently issued opinion, Morris v. Ylst, No. 05-99002 (May 9, 2006, the Ninth Circuit held that "in general a prosecutor's opinions and mental impressions of the case are not discoverable under Brady unless they contain underlying exculpatory facts. See Morris, No. 05-99002 at 5208 (emphasis in the original).

The court has conducted an in camera review of the ninety-seven pages of the district attorney's notes produced by respondent. The court finds that most of the district attorney's notes are not relevant to petitioner's claims and are therefore not subject to disclosure. However, the court finds that four portions of the district attorney's notes are relevant to petitioner's claims, and as they contain underlying exculpatory facts, subject to disclosure. See Morris, No. 05-99002.

The four portions subject to disclosure are:

1. The portion located on page two of five pages of handwritten notes captioned "Trial Notes" which reads "[t]he problem was that no one had ever seen a third person and we had to speculate that Patrick had driven the getaway car;"

2. The portions located on page three of five pages of handwritten notes captioned "Trial Notes" which reads "The good thing that we did here was use the previous robbery-murder in R/side as M.O. and intent evidence" and "I put circumstantial evid. on first so they were ready to believe the eyewitnesses then when they got to the eyewitnesses they were less willing to believe the defense attacks on their credibility."

///

3. The portion located on page seventy-nine of the handwritten notes captioned "Summation" which reads "No doubt that Bernard and Michael had the specific intent to kill the guard...did [defendant] share the same intent...1. Would depend on whether he intentionally assisted them or conspired with them knowing what was going to happen...2. This is why the R/side evidence is crucial."

Other than these portions of the district attorney's notes, nothing in the notes is relevant to the petitioner's claims and, therefore, subject to disclosure.

Briefing Schedule

At the hearing on May 16, 2006, petitioner represented to the court that the most expedient way to move this case forward is to set a briefing schedule. Petitioner's counsel seeks merits briefing on petitioner's claims which petitioner believes are subject to summary adjudication and on petitioner's claims which respondent believes are subject to Teague defenses. Petitioner submits that this merits briefing will serve to narrow the scope of petitioner's claims, allowing petitioner to more effectively prepare a motion for an evidentiary hearing. Respondent has no objection. Accordingly, the court will set a briefing schedule.

IT IS ORDERED that:

1. Respondent shall disclose to petitioner the four portions of the ninety-seven pages of trial notes described above. Respondent shall provide petitioner with redacted copies of the pages containing the portions subject to disclosure within ten days of the date of this order;

2. The May 25, 2005 order is now final and the time to seek review will begin on the date that this order is filed;

3. Pursuant to the briefing schedule set by the court, the parties will submit merits briefs on or before September 15, 2006;

///

///

4. The court will hold a hearing, at which parties will appear telephonically, on September 27, 2006 to discuss the time for responses and further briefing to the September 15, 2006 filings; and

5. Pursuant to Federal Rule of Civil Procedure 25(d), the Clerk of the Court is directed to substitute Robert Wong, Acting Warden, in the caption of this case.

DATED: May 17, 2006.

                                                         **CRAIG M. KELLISON**
                                                         UNITED STATES MAGISTRATE JUDGE