UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BRUCE GORDON,<br><br>    Petitioner,<br><br>    v.<br><br>KEVIN CHAPPELL,<br><br>    Respondent. | Case No.  2:91-cv-00882-MCE-JDP (DP)<br><br>ORDER TO RESUBMIT REQUEST TO SEAL<br><br>ECF No. 443 |

    Respondent, alongside his response to petitioner's "brief on all claims for relief," ECF No. 421, has filed a notice of request to seal. ECF No. 443. Respondent states that his response to petitioner's claims "4(B) and 5" should be sealed because it contains information related to the disclosure of a confidential informant's identity. *Id.* at 2. Petitioner has not filed an objection to the notice within the time allotted by the Local Rules. *See* Local Rule 141(c).

    In the Ninth Circuit, there is a "strong presumption in favor of access to court records." *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). However, the presumption is not absolute and "can be overridden given sufficiently compelling reasons for doing so." *See id*. Respondent has not offered sufficient legal argument that sealing is warranted in either his notice on the public docket or his request to seal that was submitted to the court. He cites no case law and relies solely on an eighteen-year old order in this case. ECF No. 443 at 2 ("By order dated April 10, 2002 (dkt. 273), this Court has designated the transcript of the July 17,

1

1984, San Joaquin County Superior Court in camera hearing on the issue of whether the confidential informant's identity should be revealed (which was ordered sealed by the San Joaquin County Superior Court) as confidential."). Circumstances and law change over the course of nearly two decades and respondent cannot rely on that previous order alone. For instance, the Ninth Circuit's decision in *Kamakana v. City & County of Honolulu* which held that a party seeking to seal documents attached to a dispositive motion had to show "compelling reasons" for doing so had not yet been decided in 2002. 447 F.3d 1172, 1180 (9th Cir. 2006) ("In sum, we treat judicial records attached to dispositive motions differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy."). Rather than deny the request to seal, the court will order respondent to submit a new request to seal in accordance with Local Rule 141. That request should set forth the legal arguments and case law that justify sealing. The new request should be submitted within fourteen days of this order's entry.

IT IS SO ORDERED.

Dated:   November 16, 2020

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE