UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| PATRICK BRUCE GORDON, | Case No. 2:91-cv-00882-MCE-JDP (DP) |
|---|---|
| Petitioner, | ORDER GRANTING PETITIONER'S REQUEST TO FILE DOCUMENTS UNDER SEAL |
| v. | |
| KEVIN CHAPPELL, | ECF No. 424 |
| Respondent. | ORDER GRANTING RESPONDENT'S REQUEST TO FILE DOCUMENTS UNDER SEAL |
| | ECF No. 445 |

Pending before the court are two related requests to file documents under seal, one filed by petitioner, ECF No. 424, and the other by respondent, ECF No. 445. Petitioner requests to seal claim E and a portion of claim D in his supplemental brief in support of his amended petition for habeas corpus because those claims relate to the disclosure of a confidential informant's identity. The claims cite and discuss the transcript of an *in camera* hearing held in the San Joaquin Superior Court at which a law enforcement officer declined to reveal the identity of the confidential informant by invoking a California law privilege. *See* Cal. Evid. Code §§ 1040-1047. The California Supreme Court lodged a sealed copy of the transcript at the parties' request,

1

1  and this court previously designated it confidential.  ECF No. 273, *see also* ECF No. 360 at 13.
2  Respondent asks to seal his responses to petitioner's claims because, in crafting them, it was
3  necessary to cite the sealed transcript.  There are no objections to either request to seal.
4        In the Ninth Circuit, there is a "strong presumption in favor of access to court records."
5  *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  However, the
6  presumption is not absolute and a party seeking to seal documents related to a dispositive motion
7  may justify sealing by offering "compelling reasons" that outweigh the public interest in
8  understanding the judicial process.  *Kamakana v. City & County of Honolulu*, 447 F.3d 1172,
9  1178-79 (9th Cir. 2006).  Courts in this circuit have found that protecting the identities of
10  informants is a compelling reason that justifies sealing documents.  *See*, *e.g.*, *Mitchell v. Cate*,
11  Civ. No. 2:11-1240-JAM-AC P, 2014 U.S. Dist. LEXIS 58802, 2014 WL 1671589, at *3 (E.D.
12  Cal. Apr. 28, 2014) (sealing "information [that] cannot be revealed without endangering
13  informants"); *United States v. Conner*, No. 15-CR-00296 HSG 1, 2015 U.S. Dist. LEXIS 166564,
14  2015 WL 8482205, at *4 (N.D. Cal. Dec. 10, 2015) ("The two declarations of defense counsel at
15  issue are extremely sensitive because they both contain the possible identity of a confidential
16  informant.  Accordingly, the Court orders both declarations to be filed under seal.").
17        It is ordered that:
18        1.     Petitioner's request to seal, ECF No. 424, is granted.
19        2.     Respondent's request to seal, ECF No. 445, is granted.
20        3.     The documents identified in both requests to seal are ordered sealed and accessible
21  only to the parties until further order of the court.
22        3.     The documents identified in both requests to seal are ordered sealed and accessible
23  only to the parties until further order of the court.
24  
25  IT IS SO ORDERED.
26  
27  Dated:    December 2, 2020
                                                                       JEREMY D. PETERSON
28                                                                         UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3